UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| LEWIS B. SYKES, JR.,<br><br>　　　Plaintiff,<br><br>v.<br><br>RBS CITIZENS, N.A.,<br>BANK OF AMERICA, N.A.,<br>BANK OF NEW YORK MELLON,<br>CCO MORTGAGE CORPORATION,<br>FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION and CITIBANK, N.A.<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:13-cv-334<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(a) and (b), Defendant Bank of America, N.A., ("BANA") hereby removes to this Court the state court action described below on the basis of diversity of citizenship as well as original jurisdiction. In support of this Notice of Removal, BANA states as follows:

1.　Plaintiff Lewis B. Sykes ("Plaintiff") commenced this action by filing the Verified Complaint on May 24, 2013 (the "Complaint" or "Compl.") in the Superior Court of the State of New Hampshire in and for the County of (the "State Court Action").

2.　BANA first received a copy of the Verified Complaint by certified mail on June 26, 2013. Attached as Exhibit A is a copy of all process, pleadings, and orders received to date by BANA in the State Court Action.

3.　Plaintiff's claims in the State Court Action relate to property located at 1047 Banfield Road, Portsmouth, New Hampshire. *See* Ex. A at Compl. ¶ 10.

**STATUTORY REQUIREMENTS – 28 U.S.C. §§ 1332 & 1441**

4. The Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332. Defendants may, therefore, remove this action to this Court pursuant to 28 U.S.C. § 1441(b), because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Upon information and belief, Plaintiff is a citizen of New Hampshire. *See* Ex. A, Compl. ¶ 1.

6. BANA is a National Association and a citizen of North Carolina for purposes of diversity citizenship because its principal place of business is located in Charlotte, North Carolina. *See* 28 U.S.C. § 1348 ("[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 319 (2006) (for purposes of 28 U.S.C. § 1348, a national bank is located "in the State designated in its articles of association as its main office"); *Bank of Am., N.A. v. Johnson*, 186 F. Supp. 2d 1182 (W.D. Okla. 2001) (holding that BANA is a citizen of North Carolina).

7. Upon information and belief, as set forth in more detail below, none of the other defendants are citizens of New Hampshire.

8. Federal National Mortgage Association ("Fannie Mae") is a corporation chartered by the federal government with a principal place of business at 3900 Wisconsin Avenue, NW, Washington, D.C. 20016. *See* 12 U.S.C. § 1717(a)(1) (providing Fannie Mae "shall maintain its principal office in the District of Columbia and shall be deemed, for purposes of venue in civil actions, to be a resident thereof.").

9. The Bank of New York Mellon is a New York banking corporation and citizen of New York for purposes of diversity citizenship, because its principal place of business is located in New York, New York.

10. Citibank, N.A. is also a citizen of New York for purposes of diversity citizenship, because it is a National Association with its principal place of business located in New York, New York. *See* 28 U.S.C. § 1348 ("[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 319 (2006) (for purposes of 28 U.S.C. § 1348, a national bank is located "in the State designated in its articles of association as its main office").

11. RBS Citizens, N.A. is a citizen of Rhode Island for purposes of diversity citizenship, because it is a National Association with its principal place of business located in Rhode Island. *See* 28 U.S.C. § 1348 ("[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 319 (2006) (for purposes of 28 U.S.C. § 1348, a national bank is located "in the State designated in its articles of association as its main office").

12. CCO Mortgage Corp. is a division of RBS Citizens, N.A., which as noted in Paragraph 11, is a citizen of Rhode Island for diversity purposes.

13. Accordingly, complete diversity of citizenship exists between Plaintiff and Defendants. BANA was unable to contact the other Defendants to obtain their consent to this Notice of Removal because no other defendant has filed a notice of appearance.

14. The amount in controversy with respect to Plaintiff's claims, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. § 1332(a). Although BANA denies that Plaintiff is entitled to recover any amount, and specifically denies that Plaintiff is entitled to relief in the various forms sought, the mortgage securing the property at issue in this action, which Plaintiff alleges was wrongfully foreclosed upon, *see* Ex. A, Compl. ¶ 11, is in the amount of $225,000. *See* Mortgage, attached hereto as Exhibit B. Plaintiff further alleges that he was wrongfully evicted from the property, and that the property has since been sold to a third party, causing him to lose his equity in the property. *See* Ex. A, Compl. ¶ 59. The amount in controversy, therefore, exceeds $75,000.

**STATUTORY REQUIREMENTS – 28 U.S.C. § 1331 and 1441**

15. This Court has original jurisdiction over this action under 28 U.S.C. § 1331, because Plaintiff has alleged a federal cause of action against BANA for violation of the federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. *See* Ex. A, Compl. ¶¶ 74-80.

16. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 12 U.S.C. § 1331. BANA may therefore remove the action to this Court pursuant to 28 U.S.C. § 1441(c).

**PROCEDURAL REQUIREMENTS AND LOCAL RULES**

17. Removal to Proper Court. This Court is part of the "district and division" embracing the place where this action was filed – Rockingham County, New Hampshire. *See* 28 U.S.C. §§ 1441(a), 1446(a).

18. Removal is Timely. BANA is entitled to remove the State Court Action at any time up to 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief on which the action is based, or within 30 days after service of

4

the summons.  *See* 28 U.S.C. § 1446(b).  The Complaint in the State Court Action was received by BANA on June 26, 2013.  Therefore, BANA's Notice of Removal is timely because it is being filed with the United States District Court for the District of New Hampshire within 30 days after the receipt of the Complaint.

19. Pleadings and Process.  Attached hereto as Exhibit A is a copy of all process, pleadings, and orders received by BANA in the State Court Action.  *See* 28 U.S.C. § 1446(a).  Pursuant to Local Rule 81.1(c), BANA will file certified or attested copies of all records, proceedings, and docket entries in the state court within 14 days of the filing of this Notice.  BANA has paid the appropriate filing fee to the Clerk of Court upon the filing of this Notice.

20. Notice.  BANA will promptly serve upon all parties, and file with the Clerk of the Superior Court of Rockingham County, New Hampshire, a Notice of Removal to All Adverse Parties, attached hereto as Exhibit C, with its exhibits omitted.  BANA will also file with the Clerk of the Superior Court of Rockingham County, New Hampshire, a Notice of Filing of Notice of Removal, pursuant to 28 U.S.C. § 1446(d).  A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit D, with its exhibits omitted.

21. Signature.  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 28 U.S.C. § 1446(a).

## **CONCLUSION**

22. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332, and the State Court Action may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

23. In filing this Notice of Removal, BANA does not waive, and specifically reserves, any and all objections as to service, personal jurisdiction, defenses, exception, rights, and motions.

WHEREFORE, this action should proceed in the United States District Court for the District of New Hampshire, as an action properly removed thereto.

                        Respectfully submitted,

                        BANK OF AMERICA, N.A.

                        By its attorneys,

                        PRIMMER PIPER EGGLESTON & CRAMER PC

Dated: July 25, 2013         /s/ Thomas J. Pappas
                      By: Thomas J. Pappas, Esq. (N.H. Bar No. 4111)
                          P.O. Box 3600
                          Manchester, NH 03105-3600
                          603.626.3300
                          tpappas@primmer.com

## CERTIFICATE OF SERVICE

A copy of the foregoing Notice of Removal has this day been forwarded via U.S. Mail to:

| | |
|---|---|
| Terrie Harman<br>Harman Law Offices<br>59 Deer Street, Suite 1B<br>Portsmouth, NH 03801<br>*Counsel for the Plaintiff* | RBS Citizens, N.A.<br>One Citizens Plaza<br>Providence, RI 02903 |
| Bank of New York Mellon<br>One Wall Street<br>New York, NY 10005 | CCO Mortgage<br>10561 Telegraph Road<br>Glen Allen, VA 23059 |
| Federal National Mortgage Association<br>P.O. Box 650043<br>Dallas, TX 75265 | Citibank, N.A.<br>399 Park Avenue<br>New York, NY 10043 |

Dated: July 25, 2013         By:   /s/ Thomas J. Pappas
                                 Thomas J. Pappas, Esq. (N.H. Bar No. 4111)

1441681_1