UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Lewis B. Sykes, Jr.

    v.                                      Civil No. 13-cv-334-JD
                                            Opinion No. 2012 DNH 188
RBS Citizens, N.A., et al.


O R D E R

Lewis B. Sykes, Jr. brought suit in state court against RBS Citizens, N.A.; CCO Mortgage Corporation; Federal National Mortgage Association; Bank of America, N.A.; Bank of New York Mellon; and Citibank, N.A., alleging claims that arose from the defendants' involvement in the circumstances surrounding the foreclosure sale of his home in 2009.[1]  Bank of America removed the case to this court.  Bank of America and Bank of New York Mellon moved to dismiss Sykes's claims for enhanced compensatory damages against them.  In response, Sykes filed an objection to the motion to dismiss but also filed a motion for leave to file an amended complaint.  The defendants object to the motion for leave to amend.

I. Motion for Leave to Amend

Sykes has filed two previous amended complaints.  Because the pertinent deadlines in the discovery plan had not passed when

---

[1]Default was entered as to Citibank, N.A. on January 6, 2014.

the motion was filed, the motion is governed by Federal Rule of Civil Procedure 15(a).[2]

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Leave to amend should be denied "when, inter alia, the request is characterized by undue delay, bad faith, futility or the absence of due diligence on the movant's part." Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 60-61 (1st Cir. 2013) (internal quotation marks omitted). A proposed amendment would be futile "if the pined-for amendment does not plead enough to make out a plausible claim for relief." HSBC Realty Credit Corp. (USA) v. O'Neill, 745 F.3d 564, 578 (1st Cir. 2014).

In his motion for leave to amend, Sykes asks that he be allowed to add a defendant, Keller Williams Coastal Realty. Although Sykes does not mention it in his motion for leave to amend, he has added two new parts to the fact section of the proposed amended complaint titled "Wrongful Constructive Eviction" and "Landlord-Tenant Proceedings." Sykes has also added claims for negligent supervision, respondeat superior, fraud, intentional infliction of emotional distress, and trespass to chattels.

The defendants object to allowing Sykes to amend his complaint again. CCO Mortgage Corporation and Federal National

---

[2] The plaintiff's deadline for amendment of pleadings was July 1, 2014, and the plaintiff's deadline for joinder of additional parties was September 1, 2014.

Mortgage Association, together the mortgage defendants, object on the grounds of undue delay, bad faith, and lack of due diligence. The mortgage defendants contend that the allegations Sykes adds were known to him when he filed his original complaint and his delay shows bad faith or at least a lack of due diligence.  The mortgage defendants also point out that their motion to dismiss based on the statute of limitations was denied because of the need for discovery pertaining to Sykes's mental competence and argue that resolution of that issue has been delayed by Sykes's repeated amendments.  They ask that Sykes not be allowed to amend his complaint which presents them with a "moving target."

In support of his current motion to amend, Sykes merely asserts that Bank of America enlisted the services of Keller Williams Coastal Realty and that Keller Williams is responsible for the actions of its agent, Robert Kelley.  Sykes alleged those matters in the second amended complaint, without adding Keller Williams as a party.  Sykes provides no explanation for waiting until the end of June to seek leave to add Keller Williams as a party defendant or for making any of the other changes that are in the proposed amended complaint.

The motion for leave to amend the complaint, however, was filed within the time allowed in the discovery plan and, therefore, was not late.  The proposed amended complaint does not make changes to the claims or allegations against the mortgage defendants, and so it does not present a "moving target" as to

them. Further, no motion for summary judgment is currently pending. Despite Sykes's piecemeal approach to pleading, the record does not suggest bad faith or delay that would justify denying an otherwise timely motion for leave to amend.

Bank of America and Bank of New York Mellon, together the bank defendants, oppose the motion for leave to amend on the ground that Sykes's claimed remedy of enhanced compensatory damages against them is futile. Whether proposed amendments are futile at this stage of a case is determined under the standard for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). HSBC Realty, 745 F.3d at 570; Juarez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 276 (1st Cir. 2013). Under that standard, the proposed amendment should be denied as futile if the allegations, taken as true and in the light most favorable to the plaintiff, fail to state a plausible claim for relief. Feingold v. John Hancock Life Ins. Co., 753 F.3d 55, 59-60 (1st Cir. 2014). Conclusory statements without supporting factual allegations need not be credited. A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013).

New Hampshire allows enhanced compensatory damages in only exceptional circumstances, "[w]hen an act is wanton, malicious, or oppressive." Stewart v. Bader, 154 N.H. 75, 87 (2006). Intentional actions are not enough to support enhanced compensatory damages. Id. The defendant must also act with ill will, hatred, hostility, or evil motive. Id.

In the proposed amended complaint, Sykes seeks enhanced compensatory damages for his civil conspiracy, conversion, intentional infliction of emotional distress, and trespass to chattels claims. It appears that Sykes brings the civil conspiracy, conversion, and trespass to chattels claims against the bank defendants. In support of his civil conspiracy claim, Sykes alleges that New York Mellon Bank started a landlord tenant action without providing personal notice to Sykes, caused the court to issue a landlord tenant writ to New York Mellon Bank and a writ of possession to Citibank, and concealed information about Sykes's legal rights.[3] In support of his conversion claim, Sykes alleges that New York Mellon Bank prevented him from retrieving his personal property from the house after the foreclosure sale and then destroyed that property. The trespass to chattels claim is somewhat disjointed but is based on water damage to Sykes's personal property that occurred after the foreclosure sale. Those allegations do not suggest ill will, hatred, hostility, or evil motive and do not support enhanced compensatory damages.

In his reply, Sykes points to other allegations to support his claims for enhanced compensatory damages. The referenced allegations, taken in the context of the foreclosure sale of the property, do not provide facts that support enhanced compensatory damages. Therefore, Sykes's claims for enhanced compensatory

---

[3]Sykes's conclusory statements that New York Mellon Bank committed fraud and fraudulently misrepresented ownership of the property are not credited for purposes of the futility analysis.

damages against the bank defendants in the proposed amended complaint are futile.

Sykes is granted leave to file an amended complaint that adds Keller Williams Coastal Realty as a party defendant but is not granted leave to include claims for enhanced compensatory damages as part of the claims for civil conspiracy (Count VI), conversion (Count VIII), and trespass to chattels (Count XIII).

## II. Motion to Dismiss

Because Sykes is granted leave to file an amended complaint to add Keller Williams Coastal Realty as a party defendant, the amended complaint when filed will become the operative complaint in the case. Sykes is not granted leave to include his claims for enhanced compensatory damages against the bank defendants in the amended complaint. Therefore, the motion to dismiss Sykes's claims for enhanced compensatory damages in the prior complaint is moot.

## Conclusion

For the foregoing reasons, the plaintiff's motion for leave to file an amended complaint (document no. 50) is granted to the extent that Keller Williams Coastal Realty is added as a party defendant but is denied to the extent that it seeks to allege claims for enhanced compensatory damages in Count VI, Count VIII, and Count XIII.

The plaintiff shall file the amended complaint as proposed except that paragraphs 209, 226, and 284 of the proposed amended complaint and any other claims for enhanced compensatory damages against the bank defendants are struck.  No claim for enhanced compensatory damages against the bank defendants is allowed.

The defendants' motion to dismiss (document no. 46) is terminated as moot.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

September 9, 2014

cc:   Gary M. Burt, Esq.
      Kristina Cerniauskaite, Esq.
      Terrie L. Harman, Esq.
      Andrea Lasker, Esq.
      Thomas J. Pappas, Esq.