UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Lewis B. Sykes, Jr.

    v.                                                Civil No. 13-cv-334-JD
                                                  Opinion No. 2015 DNH 060

RBS Citizens, N.A., et al.

O R D E R

Lewis B. Sykes, Jr. brought suit in state court against RBS Citizens, N.A.; CCO Mortgage Corporation; Federal National Mortgage Association; Bank of America, N.A.; Bank of New York Mellon; and Citibank, N.A., alleging claims that arose from the defendants' involvement in the circumstances surrounding the foreclosure sale of his home in 2009.[1]  Bank of America removed the case to this court and moved to dismiss Sykes's claims. Sykes was granted leave to file an amended complaint that was filed on March 26, 2014.[2]  The discovery plan was approved on May 16, 2014.

---

[1] Default was entered as to Citibank, N.A. on January 6, 2014.

[2] In their motion to dismiss and in opposition to the motion for leave to amend, the defendants argued that Sykes's claims were barred by the statute of limitations.  Sykes responded that the limitations period was tolled due to his mental incompetence following the loss of his home.  The court concluded that issue of Sykes's mental competence could not be resolved in the context of a futility analysis for purposes of the motion to amend and that the issue should be addressed in a motion for summary judgment.

Sykes's motion for leave to file a second amended complaint was granted on May 20, 2014.  Bank of America and Bank of New York Mellon moved to dismiss the second amended complaint, and Sykes again moved for leave to amend the complaint.  The court allowed the third amended complaint, except for claims seeking enhanced compensatory damages.

In December of 2014, the court granted a motion to allow Sykes's counsel to withdraw.  Sykes then filed his notice to appear pro se.  On January 13, 2015, Sykes filed a motion for summary judgment to address the statute of limitations and the issue of his mental competence.  The defendants moved to extend for thirty days the time allowed to file their objections to the motion for summary judgment because of counsel's schedule.  The motion was granted.

On March 5, 2015, the defendants filed a motion for a protective order and to extend, again, the deadline for their response to the motion for summary judgment.  In support, the defendants represent that defendants' counsel had reached an agreement with Sykes's counsel, before Sykes's counsel withdrew, to stay discovery except discovery to address the issue of

mental competence.[3] The defendants state that they have not yet had an opportunity to depose Sykes or his mental health professionals. They contend that Sykes served interrogatories on them that are unrelated to the issue of his mental incompetence, which are barred by the agreement.

Sykes has filed four motions to compel responses to his interrogatories. The fourth motion appears to raise issues about circumstances not relevant to the present discovery dispute. The defendants have filed objections to Sykes's first three motions to compel. Sykes did not file an objection to the defendants' motion for a protective order.[4]

---

[3]In support, the defendants submit a copy of an email dated October 30, 2014, from "Sandra Merrigan" to admin@tharman.net; kc@tharman.net with "Cc:" to a list of people, including defendants' counsel. The email begins "Terrie:" and states: "This e-mail will confirm that all parties agree to extend the deadline to respond to any outstanding discovery requests until 30 days after the court rules on whether Mr. Sykes was competent for purposes of the statute of limitations, with the exception of any discovery related to Mr. Sykes' competency." The email also says that any party can terminate the extension agreement "with a 30-day written notice to other parties."

[4]Sykes filed a copy of a letter that he sent to defendants' counsel in which he explained that he would not consent to the motion for a protective order. The letter, however, is not an objection to the motion.

Discussion

In its present state, this case has fallen far off course. Under the discovery plan approved by the court on May 15, 2014, interrogatories were due from the plaintiff by September 1, 2014, and from the defendants by October 1, 2014.  Experts were to be disclosed, under the requirements of Federal Rule of Civil Procedure 26(a)(2), by Sykes on or before January 1, 2015, and by the defendants on or before April 1, 2015.  Summary judgment motions were due by March 1, 2014.  All discovery will close on May 1, 2015.

Sykes's interrogatories, which are the subject of his motions to compel, are dated February 4, 2015.  As such, the interrogatories were promulgated long after the September 1, 2014, deadline.  Therefore, the interrogatories were untimely under the discovery plan and are not enforceable.

The defendants do not explain how they intend to complete the depositions they assert are required before May 1, 2015. The summary judgment deadline has passed.  Further, the defendants are relying on an agreement made with Sykes's former counsel to alter the discovery dates that was made without court approval.  See Fed. R. Civ. P. 16(b)(4); LR 16.4.

To avoid further confusion and delay, the parties shall file a joint motion to amend the discovery plan with appropriate deadlines to address the issues in this case. For that purpose, the defendants' counsel shall jointly propose an amended discovery plan to Sykes, and Sykes shall either join in the proposed amended discovery plan or notify the defendants that he will not join. The parties will then either file the agreed-to joint proposed discovery plan or file separate proposed amended discovery plans. To be clear, Sykes shall either notify the defendants that he will join in the defendants' joint proposed amended discovery plan OR file his own separate proposed amended discovery plan. The court will issue an order setting an amended discovery plan, and the case will proceed according to that schedule.

## Conclusion

For the foregoing reasons, the plaintiff's motions to compel (documents nos. 84, 85, 86, and 91) are denied. The defendants' motion for a protective order (document no. 82) is terminated as moot in light of this order.

The plaintiff's motion for summary judgment (document no. 76) is stayed, pending the schedule to be set in the order on

the amended discovery plan that will include a date for the defendants' responses to the motion.

The defendants shall serve their joint proposed amended discovery plan on the plaintiff **on or before April 10, 2015.**

The plaintiff shall notify the defendants whether he will join the proposed amended discovery plan **on or before April 17, 2015.**

The parties shall file their joint proposed amended discovery plan or separate proposed amended discovery plans, if necessary, **on or before April 24, 2015.**

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph DiClerico, Jr.
United States District Judge

March 23, 2015

cc: Andrea Lasker, Esq.
    Robert E. Murphy, Jr., Esq.
    Thomas J. Pappas, Esq.
    Lewis B. Sykes, Jr., pro se