```
                 UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW HAMPSHIRE
```

Lewis B. Sykes, Jr.

    v.                                            Civil No. 13-cv-334-JD
                                                  Opinion No. 2015 DNH 201

RBS Citizens, N.A., et al.


O R D E R

Lewis B. Sykes, Jr. is proceeding pro se against certain banks and mortgage providers, alleging claims that arose from the defendants' involvement in the circumstances surrounding the foreclosure sale of Sykes's home in 2009. Sykes moves to exclude the defendants' expert report on the grounds that it does not comply with the requirements of Federal Rule of Evidence 702 and that it was not timely produced. The defendants object to the motion.

As the defendants point out, the court previously granted their motion for leave to make late disclosure. Sykes did not then and does not now contend that the defendants were not diligent in their efforts to make timely disclosure or that he has suffered any prejudice as a result of the delay. Therefore, the issue of late disclosure has been resolved and cannot be raised now as a reason to exclude the defendants' expert report.

Sykes also contends that the report provided by the defendants' expert, Dr. Anita Boss, does not meet the

requirements of Rule 702.  The deadline for challenging experts was August 31, 2015.  Sykes's motion was filed on October 5, 2015, which is more than a month late.  Sykes does not seek leave to file a late challenge or explain why he did not file a motion within the time allowed.  See Fed. R. Civ. P. 16(d)(4).

Even if the motion to exclude Dr. Boss's report had been timely, however, it would not succeed on the merits.  Much of the motion addresses matters that are not material to Rule 702.[1]  In response, the defendants have shown that the report meets the Rule 702 requirements.

A. Standard of Review

Under Rule 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion if" the witness's opinion "will help the trier of fact to understand the evidence or to determine a fact in issue" and if the opinion is reliable.  Even when a witness's opinion meets the requirements of Rule 702,

---

[1] Sykes includes ad hominem attacks on defendants' counsel in the motion, as he has done in prior filings.  Sykes is put on notice that his style does not comply with the standard of civility that is expected in this court.  Further, his attacks on counsel do nothing to further his cause or support his claims and tend to detract from appropriate arguments and points he may put forward.

however, it may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. United States v. Tetioukhine, 725 F.3d 1, 6 (1st Cir. 2013). The party who is the proponent of the expert opinion bears the burden of showing that it is admissible.  Id.

B.   Dr. Boss's Opinion

The issue to be addressed by experts at this stage of the case is whether Sykes was mentally incompetent to the extent necessary to toll the statute of limitations under RSA 508:4, RSA 508:8, and federal law.  As requested by Sykes's former counsel, Dr. Eric G. Mart provided a psychological report based on his evaluation of Sykes.  The defendants retained Dr. Anita Boss to review and comment on Dr. Mart's deposition, clinical notes, psychological test data, collateral information, and evaluation report.  In her expert report, Dr. Boss concluded:

> Dr. Mart offered testimony that placed the greater weight on [Sykes's] personality characteristics and how they interfered with his ability to work with several attorneys.  He did not establish that the defendant suffered from a mental illness that impaired his capacity to engage legal representation or pursue his claim.  To the contrary, Dr. Mart offered substantial information to indicate that Mr. Sykes had a clear perspective on what he wanted to achieve. Incapacitation, or substantial impairment, due to symptoms of a mental illness or mental disability, present during the claimed time frame, was not established through Dr. Mart's report or testimony.

Dr. Boss offers opinions about Dr. Mart's conclusions but does not provide her own evaluation of Sykes's mental status.

C. Qualifications

Dr. Boss has a Psy.D. degree in clinical psychology. She is board certified in forensic psychology and is a licensed clinical psychologist. She is the sole proprietor of Clinical & Forensic Consulting, P.L.C., and, in that capacity she has done criminal and civil forensic psychological evaluations and clinical psychological evaluations. Dr. Boss has been qualified as an expert by courts in Virginia, Maryland, and the District of Columbia. She has taught courses in personality assessment and forensic psychology at the doctoral, master, and undergraduate levels at The Catholic University of America.

Sykes challenges Dr. Boss's qualifications on the ground that she had not been qualified as an expert in any court. Her curriculum vitae, however, states that she has served as an expert in several courts. See also Commonwealth v. Miller, 643 S.E. 2d 540, 544 (Va. 2007). Therefore, Sykes's challenge to Dr. Boss's qualifications is neither correct nor persuasive.[2]

---

[2] Further, Rule 702 does not require that an expert witness have been qualified previously as an expert by other courts. Such a requirement, of course, would preclude expert testimony because an expert must always have a first experience serving as an expert witness.

D.  Methods and Reliability

The admissibility of an expert's opinion does not depend on whether it is based on the best scientific theory or whether it is even correct.  In re Neurontin Mktg. & Sales Practices Litig., 712 F.3d 21, 42 (1st Cir. 2013).  Instead, the court considers whether the opinion is based on scientifically valid reasoning or methodology and has a valid scientific connection to the issues in the case, that is, whether the opinion has "a proper 'fit' with the facts of the case."  Id.

Sykes argues that Dr. Boss's opinion is not admissible because Dr. Boss disagrees with Dr. Mart's opinion and because, Sykes believes, Dr. Boss does not accurately recount Dr. Mart's opinion.  Sykes also faults Dr. Boss for reviewing a copy of Dr. Mart's deposition that did not include his later edits, for not considering Sykes's own affidavit about his mental competence, for not discussing information provided by Sykes's son and others, and for not addressing the results of Dr. Mart's testing.  While Sykes's criticisms might affect the weight to be afforded Dr. Boss's opinion, he has not shown that her opinion is inadmissible under Rule 702.

## Conclusion

For the foregoing reasons, the plaintiff's motion to exclude the defendants' expert opinion (document no. 151) is denied.

SO ORDERED.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Joseph DiClerico, Jr.
　　　　　　　　　　　　　　　　　United States District Judge

October 28, 2015

cc:  Lewis B. Sykes, Jr., pro se
　　　Elizabeth J. Ireland, Esq.
　　　Andrea Lasker, Esq.
　　　Robert E. Murphy Jr., Esq.
　　　Thomas J. Pappas, Esq.
　　　Elizabeth T. Timkovich, Esq.