UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Lewis B. Sykes, Jr.

   v.                             Civil No. 13-cv-334-JD
                                       Opinion No. 2016 DNH 031

RBS Citizens, N.A., et al.


O R D E R


Lewis B. Sykes, Jr., who is proceeding pro se, moves for a default judgment against Citibank, N.A.  Sykes's claims against all of the other defendants were resolved against him on summary judgment.  Citibank did not respond to Sykes's motion for default judgment.


Standard of Review

After default is entered against a party and when the claim is not for a sum certain, "the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b).  A defaulting party admits the facts as alleged in the complaint but "does not admit the legal sufficiency of those claims."  B & R Produce Packing Co., Inc. v. A & H Farms, Inc., 2014 WL 576210, at *1 (D.N.H. Feb. 11, 2014) (quoting 10 James Wm. Moore, Moore's Federal Practice § 55.32[1][b] (3d Ed. 2013)).  Instead, the court must determine whether the well-pleaded facts in the complaint state an actionable claim.  Vazquez-Baldonado v. Domenech, 595 F.

App'x 5, 5-6 (1st Cir. 2015); NeighborCare of N.H., LLC v. New
Hope Healthcare Sys.—Bedford, LLC, 2013 WL 5739084, at *1
(D.N.H. Oct. 21, 2013).

The standard for a default judgment, therefore, "is akin to
that necessary to survive a motion to dismiss for failure to
state a claim." Surtain v. Hamlin Terrace Found., 789 F.3d
1239, 1245 (11th Cir. 2015); Allstate Ins. Co. v. Nazarov, 2015
WL 5774459, at *9 (E.D.N.Y. Sept. 30, 2015); L'Esperance v.
Manhattan Mortg. Corp., 2012 DNH 155, 2012 WL 3839376, at *4
(D.N.H. Sept. 5, 2012).  A complaint will be dismissed under
Rule 12(b)(6) if the factual allegations, taken in the light
most favorable to the plaintiff, fail to show that the plaintiff
may recover under a plausible claim.  Lister v. Bank of Am.,
N.A., 790 F.3d 20, 23 (1st Cir. 2015).

Background

Sykes brought suit against certain banks and mortgage
providers, including Citibank, N.A., alleging claims that arose
from the defendants' involvement in the circumstances
surrounding the foreclosure sale of Sykes's home in 2009.  The
case was removed to this court from state court.  When Citibank
did not respond and Sykes provided a showing that service had
been made, default was entered on January 6, 2014.  Citibank has
not appeared in the case.

Sykes was represented by counsel from the beginning of the case and until counsel withdrew in December of 2014.  Therefore, the operative complaint, the Third Amended Complaint, was drafted and filed by counsel on Sykes's behalf.

Summary judgment was entered in favor of all of the defendants, except Citibank, on November 20, 2015.  Sykes was directed to move for default judgment.  That order was sent to Citibank.  Sykes filed a motion for default judgment within the time allowed in the order.  Citibank has not filed a response.

## Discussion

Sykes moves for judgment against Citibank on his claims in the Third Amended Complaint of Wrongful Foreclosure, Count II; Wrongful Eviction, Count III; Count VI, Civil Conspiracy; Conversion, Count VIII, and Fraud, Count XI.  Despite Sykes's arguments in his motion, he did not allege wrongful foreclosure or the fraud claim in Count XI against Citibank.  Therefore, judgment cannot be entered on those claims, Count II and Count XI.  The claims for wrongful eviction, civil conspiracy, and conversion are addressed as follows.

## A.   Wrongful Eviction, Count III

Pertinent to the circumstances in this case, the purchaser of a property through a foreclosure sale may not use self help

to evict a former homeowner who remains after the sale.  Bradley v. Wells Fargo Bank, N.A., 2015 WL 5054584, at *3 (D.N.H. Aug. 26, 2015) (citing Evans v. J Four Realty, LLC, 164 N.H. 570, 574 (2013) and Greelish v. Wood, 154 N.H. 521, 527 (2006)). "Instead, a foreclosure sale purchaser must employ the summary procedure prescribed by chapter 540 of the New Hampshire Revised Statutes to evict a tenant at sufferance from the foreclosed property." Bradley, 2015 WL 5054584, at *3.

In Count III, Sykes alleged that Bank of America used self help to evict him from his house after the foreclosure sale.  He further alleged that because of Bank of America's actions, he "was forced to move out and to obtain substitute housing for himself and his business."  Therefore, Sykes alleged that he was wrongfully evicted from his home by Bank of America, not Citibank.

Sykes also alleged, as part of Count III, that Citibank did not serve him "with the landlord-tenant writ, the landlord-tenant summons, and the writ of possession."  He states that he was not served because he had been wrongfully evicted from the house.  As a result, he alleged, he was not able to challenge Bank of America's wrongful eviction.  Those circular allegations do not state a claim of wrongful eviction against Citibank.

B.  Civil Conspiracy – Count VI

     In Count VI, Sykes alleges that Citibank conspired with
Bank NY Mellon to commit fraud.  The fraud alleged in Count VI
is that the defendants "start[ed] a landlord tenant action in
the Portsmouth District Court without providing personal notice
to the Plaintiff that he was a party in the lawsuit, . . . [and]
caus[ed] the Portsmouth District Court to issue the landlord-
tenant writ to Bank NY Mellon but the writ of possession to
Citibank in the same action on the same property."

     To state a claim for fraud, a plaintiff must allege facts
to show that the defendant made a representation to him "with
knowledge of its falsity or with conscious indifference to its
truth and with the intention of causing [the plaintiff] to rely
on the representation."  Tessier v. Rockefeller, 162 N.H. 324,
332 (2011) (internal quotation marks omitted).  In addition, a
plaintiff must allege "with particularity the circumstances
constituting fraud."  Fed. R. Civ. P. 9(b).

     Sykes's allegations fall far short of a claim for fraud.[1]
He did not allege that Citibank made any representation to him,
much less a representation that Citibank knew was false.  He

---

     [1] It appears that Sykes's claim challenges a proceeding in
Portsmouth District Court.  To the extent Sykes intended to
overturn the result in the Portsmouth District Court proceeding,
his claim would likely be barred by the Rooker-Feldman doctrine.
See Miller v. Nichols, 586 F.3d 53, 59 (1st cir. 2009).

also did not allege that he relied on any representation made by
Citibank.  Because Sykes has not alleged fraud, he had not
alleged a civil conspiracy to commit fraud.  Archdiocese of San
Salvador v. FM Int'l, Inc., 2006 WL 437493, at *10 (D.N.H. Feb.
23, 2006).

C.   Conversion – Count VIII

     To state a claim for conversion under New Hampshire law, a
plaintiff must allege facts to show that the defendant
intentionally exercised dominion or control over the plaintiff's
property and that the defendant's actions seriously interfered
with the plaintiff's right to the property.  Muzzy v. Rockingham
Cty. Tr. Co., 113 N.H. 520, 523 (1973).  "Among the factors that
a court must consider are the extent and duration of the
exercise of control over the goods, the intent to assert a right
inconsistent with the other party's right of control, and good
faith."  Kingston 1686 House, Inc. v. B.S.P. Transp., Inc., 121
N.H. 93, 95 (1981).

     In the complaint, Sykes alleged that "Citibank's preventing
Plaintiff from retrieving his personal property from the
homestead and destroying said property constituted conversion
because it was intentional exercise over Plaintiff's property in
a way which interfered with Plaintiff's right to control of said
property."  Sykes explains in his memorandum in support of

default judgment that Citibank prevented him from retrieving his personal property from the house "by not communicating any Citibank procedures for the Plaintiff's personal property removal and not indicating that Citibank was the property owner on the 'Public Posting' notice."  He also states that Citibank did not give him notice that his property would be removed and destroyed and did not allow him to retrieve his property.

In essence, Sykes claims that Citibank did not help him retrieve his property, but he does not allege facts to show that Citibank exercised dominion or control over the property he left at the house.  In other parts of the complaint, Sykes alleged that a realtor, who was the representative of Bank of America, shut off the utilities in the house after the foreclosure sale, which caused water damage that destroyed his property.  Sykes also alleged that the realtor removed Sykes's property from the house and disposed of it.[2]

Therefore, Sykes did not allege facts that support his claim for conversion against Citibank.

---

[2] The claims against Bank of America and the realtor have been dismissed based on the statute of limitations.

Conclusion

For the foregoing reasons, the plaintiff's motion for default judgment (document no. 164) is denied.

The clerk of court shall enter judgment based on this order and prior orders and close the case.

SO ORDERED.

Joseph DiClerico, Jr.
United States District Judge

February 23, 2016

cc:  Lewis B. Sykes, Jr., pro se
     Elizabeth J. Ireland, Esq.
     Andrea Lasker, Esq.
     Robert E. Murphy, Jr., Esq.
     Thomas J. Pappas, Esq.
     Elizabeth T. Timkovich, Esq.