```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

Lewis B. Sykes, Jr.

    v.                                      Civil No. 13-cv-334-JD
                                          Opinion No. 2017 DNH 062

RBS Citizens, N.A.,
Bank of America, N.A.,
Bank of New York Mellon,
CCO Mortgage Corporation,
Federal National Mortgage
Association, and Citibank N.A.

O R D E R

Lewis B. Sykes, Jr. brought suit in state court against RBS Citizens, N.A.; CCO Mortgage Corporation; Federal National Mortgage Association; Bank of America, N.A.; Bank of New York Mellon; and Citibank, N.A., alleging claims arising from the defendants' involvement in the foreclosure sale of his home in 2009. Bank of America removed the case to this court. The court granted the defendants' motion for summary judgment on November 20, 2015, and denied Sykes's motion for a default judgment against Citibank, N.A. on February 23, 2016. Judgment was entered in favor of the defendants the same day.

Sykes was represented by counsel from the beginning of the case and until counsel withdrew in December of 2014. Thereafter, Sykes proceeded pro se through the entry of judgment

in February of 2016.  Sykes is now represented by new counsel and has filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3).  The defendants, other than Citibank, N.A., object to the motion.[1]

Sykes requests oral argument on his motion.  Under the local rules in this district, the court decides motions without oral argument unless a party provides a written statement "outlining the reasons why oral argument may provide assistance to the court."  LR 7.1(d).  Sykes did not provide any reason to support his request.  Therefore, the request for oral argument is denied.

## Standard of Review

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . ."  Fed. R. Civ. P. 60(b)(3).  The burden is on the moving party to show fraud, misrepresentation, or misconduct by clear and convincing evidence.  Giroux v. Federal Nat'l Mortg. Ass'n, 810 F.3d 103, 107-08 (1st Cir. 2016).  In addition, the moving party must show that the fraud, misrepresentation, or

---

[1] Citibank, N.A. did not appear in the case and default was entered on January 6, 2014.  Sykes's motion for default judgment against Citibank was denied on February 23, 2016.

misconduct substantially interfered with his ability to prepare his case. Fontanilas-Lopez v. Morell Bauza Cartagena & Dapena, LLC, 832 F.3d 50, 63 (1st Cir. 2016).

## Discussion

Sykes's claims were resolved on summary judgment in favor of the defendants because the claims were barred by the governing statutes of limitations. In support of his motion to set aside the judgment, Sykes charges that the defendants falsely represented that the entity which held his mortgage note and foreclosed on the property was Federal National Mortgage Association ("Fannie Mae"). Sykes asserts that the entity that held his note and foreclosed was actually a Delaware corporation, Federal National Mortgage Association, Inc., ("Delaware corporation"), citing the foreclosure deed for his property as proof of the misrepresentation. Sykes states that the Delaware corporation was used "as part of some intentional scheme to avoid payment of the New Hampshire state Tax Stamps both in this foreclosure and in several other foreclosures throughout the state." Document no. 168, ¶ 6.

Sykes contends that the defendants' alleged misrepresentation of the entity that held his mortgage note and foreclosed on his property "had a material effect upon the outcome of this case" because the Delaware corporation had its charter revoked

in 2004, making it a void corporation.  Because of that status, Sykes argues, the foreclosure sale is void.  He further asserts that "[t]here is no statute of limitations to quiet title against a transferee of title from such a nullity."  Sykes represents that he did not know of the Delaware corporation "scheme" until after August of 2016.

The defendants object to the motion to set aside judgment.

A.   Fannie Mae

Federal National Mortgage Association, known as Fannie Mae, is "a Government-sponsored private corporation" that was originally chartered in 1938.  12 U.S.C. §§ 1716b & 1717; Lightfoot v. Cendant Mortg. Corp., 137 S.Ct. 553, 556-57 (2017) (explaining history of Fannie Mae); Perry Capital LLC v. Mnuchin, 848 F.3d 1072, 1080-81 (D.C. Cir. 2017) (same).  Pursuant to 12 C.F.R. § 1239.3(b)(ii), Fannie Mae has "elect[ed] to follow the corporate governance and indemnification practices and procedures set forth in . . . [t]he Delaware General Corporation Law."  See Fannie Mae Bylaws, Art. 1, Sec. 1.05.  The Federal Housing Finance Authority has been the conservator of Fannie Mae since July of 2008.  See Fairholme Funds, Inc. v. United States, --- F. App'x ---, 2017 WL 991077, at *1 (Fed. Cir. Mar. 14, 2017); Perry Capital, 848 F.3d at 1080-81.

The only proof Sykes offers that the Delaware corporation, rather than Fannie Mae, held the note on his property and conducted the foreclosure sale is the foreclosure deed for his property.  The deed states:  "Federal National Mortgage Association, an association duly established under the laws of the State of Delaware and having a usual place of business at P.O. Box 650043, Dallas, TX, 75265-0043, holder of the following mortgage given by:  Lewis B. Sykes and Dorothy W. Sykes . . . ."  The foreclosure deed also states Fannie Mae granted "that portion of the Premises conveyed by said Mortgage and described more particularly in Exhibit 'A'" to The Bank of New York Mellon, as Trustee for CWHEQ Revolving Home Equity Loan Trust, Series 2007-C of 1 Wall Street, New York.

Sykes does not explain why he believes the foreclosure deed shows that the holder of his note and the foreclosing entity was the Delaware corporation rather than Fannie Mae.  In its objection, Fannie Mae states that the statement in the foreclosure deed that Fannie Mae is an association established under Delaware law was an error and does not mean that Fannie Mae is a Delaware corporation.[2]  The filings in a different case,

---

[2] In support, Fannie Mae submits the affidavit of Francis J. Nolan, Esq., who signed the foreclosure deed on behalf of Fannie Mae.  Nolan states that the foreclosure deed erroneously identifies Fannie Mae as an association established under the laws of Delaware.  Nolan also states that the statement in the

which Sykes provides, do not support his claim and instead should have alerted Sykes's counsel to the error of his theory.[3]

It is undisputed that Sykes purchased the property and obtained the mortgage in 2005, a year after the Delaware corporation ceased to exist. The defendants provide a copy of the assignment of Sykes's mortgage from CCO Mortgage Corporation to Federal National Mortgage Association, PO Box 650043, Dallas, TX 76265-0043, which is dated July 30, 2009. The assignment was recorded in the Rockingham County Registry of Deeds on August 21, 2009. The foreclosure sale of Sykes's property occurred on

---

foreclosure deed was a mistake and that no scheme or effort to defraud existed.
  As provided in its bylaws and noted above, Fannie Mae is federally chartered and has elected to follow the corporate law of Delaware.

[3] Sykes provides copies of filings from a case in the United States District Court for the District of Delaware, Timothy J. Pagliara v. Federal National Mortgage Association, 16-cv-193-GMS (D. Del. Mar. 25, 2016). In that case Pagliara, as a stockholder, brought suit in state court, seeking to inspect and copy certain books and records kept by Fannie Mae. Fannie Mae removed the case to federal court. Pagliara moved to remand, stating in support of his motion that Fannie Mae "was initially federally chartered, but subsequently incorporated in Delaware." In response, Fannie Mae provided proof that Fannie Mae is not a Delaware corporation. The case was remanded due to a lack of a federal question because Pagliara brought a narrow state law claim and because "[f]ederal question jurisdiction does not exist here solely by virtue of Fannie Mae's status as a federally-chartered corporation." Doc. no. 38, at n.1 (emphasis added).

October 2, 2009, and the deed was recorded in the Rockingham County Registry of Deeds on October 14, 2009.

As such, Sykes provides no proof, much less clear and convincing proof, that the defendants misrepresented that Fannie Mae held his mortgage note and foreclosed on his property. The record plainly establishes that Fannie Mae was assigned Sykes's mortgage and foreclosed on his property.

B.  The Delaware Corporation "Scheme"

Sykes represents to the court that he was not aware of the issues he now raises about Fannie Mae and the Delaware corporation until after August of 2016.[4] Sykes states in support of his motion: "The scheme of the Delaware corporation was only first revealed in August of 2016. Plaintiff did not in fact learn of it himself until sometime thereafter. Upon learning of this fact, Plaintiff has diligently pursued gathering the requisite information to file this Motion for Relief of Judgment under Rule 60(b)." Id., ¶ 6.

The record shows that Sykes asserted the same "scheme" theory about Fannie Mae and the Federal National Mortgage Association, Inc. (the Delaware corporation) in support of his motion for summary judgment, filed on January 13, 2015. See

---

[4] Sykes is represented by counsel who signed the motion on Sykes's behalf. See Fed. R. Civ. P. 11(b).

Document no. 74.  He also pressed the "scheme" theory in discovery.  See Document no. 84.  In addition, on April 16, 2015, Sykes filed a motion to amend the discovery plan, which attached Exhibit A, titled "Topic: Scams Used in the Case," that discusses Sykes's theories about the Delaware corporation, Fannie Mae, and tax exemptions.  On April 22, 2015, Sykes filed a thirty-two page "Addendum" in the case, titled, "Topic: Scams Used in the Case," with the same subject matter.  On May 18, 2015, Sykes filed a memorandum titled "Plaintiff's Memorandum Regarding the 'All Parties Agree' Stay, the Plaintiff's November 4, 2014 Counter-Offer and the Elements of 'Discovery' Collected within the statute of Limitations Period."  The memorandum had eighteen exhibits appended to it, at least one of which addressed Sykes's theories about the Delaware corporation.  Document no. 103, Attach. C.

   Therefore, contrary to Sykes's representation in the motion to set aside judgment, he was aware of the Delaware corporation and the "scheme" theory long before judgment entered.  Given his prior knowledge of the Delaware corporation "scheme", he would not be able to show that the alleged misrepresentation substantially interfered with the preparation of his case.  More importantly, Sykes has not provided any evidence to show that

8

the defendants misrepresented that Fannie Mae was the entity which held his mortgage loan and foreclosed.

## Conclusion

For the foregoing reasons, the plaintiff's motion for relief from judgment (document no. 168) is denied.

SO ORDERED.

*[signature]*
Joseph DiClerico, Jr.
United States District Judge

March 28, 2017

cc:  Elizabeth J. Ireland, Esq.
    Andrea Lasker, Esq.
    Geoffrey Williams Millsom, Esq.
    Robert E. Murphy, Jr., Esq.
    Thomas J. Pappas, Esq.
    William C. Sheridan, Esq.
    Elizabeth T. Timkovich, Esq.