# United States Court of Appeals
## For the First Circuit
———————————————

No. 17-1434

LEWIS B. SYKES, JR.,

*Plaintiff, Appellant,*

v.

RBS CITIZENS, N.A.; BANK OF AMERICA, N.A.; BANK OF NEW YORK MELLON;
CCO MORTGAGE CORPORATION; FEDERAL NATIONAL MORTGAGE ASSOCIATION;
NEW ENGLAND COASTAL REALTY, INC.,

*Defendants, Appellees,*

CITIBANK, N.A.,

*Defendant.*
———————————————

Before

Torruella, Thompson and Kayatta,
<u>Circuit Judges</u>.
———————————————

**JUDGMENT**

Entered:  March 5, 2019

Plaintiff-appellant Lewis B. Sykes, Jr., appeals the district court's denial of his motion for relief under Fed. R. Civ. P. 60(b)(3). Because Sykes did not file a timely appeal from the underlying judgment, which dismissed his claims arising from the 2009 foreclosure sale of his home on statute-of-limitations grounds, the merits of that decision are not before us and our review is limited to the narrow question whether the district court abused its discretion in denying the "extraordinary" relief requested. <u>Fontanillas-Lopez</u> v. <u>Morell Bauza Cartagena & Dapena, LLC</u>, 832 F.3d 50, 62–63 (1st Cir. 2016).

Rule 60(b)(3) allows a court to grant relief from judgment based on "fraud . . . , misrepresentation, or misconduct by an opposing party." To satisfy Rule 60(b)(3), Sykes was required to prove misconduct by clear and convincing evidence and to "'show that the misconduct foreclosed full and fair preparation or presentation of his case.'" <u>Karak</u> v. <u>Bursaw Oil Corp.</u>, 288

F.3d 15, 21 (1st Cir. 2002) (quoting Anderson v. Cryovac, Inc., 862 F.2d 910, 923 (1st Cir. 1988)). As grounds for his motion, Sykes asserted that defendants had misrepresented that the holder of the note and mortgage on his property at the time of foreclosure was the Federal National Mortgage Association ("Fannie Mae"), a federally-chartered corporation that participates in the secondary mortgage market, when in fact it was Federal National Mortgage Association, *Inc.*, ("FNMA, Inc.") a Delaware corporation that was dissolved in 2004. Sykes maintained that the alleged misrepresentation "had a material effect upon the outcome of this case" because, had he known that the defunct Delaware corporation was the foreclosing entity, he could have shown that the foreclosure sale was void and that his claims were not time-barred.

This argument fails for the reasons set forth in the district court's March 28, 2017, order. The only evidence of the alleged misrepresentation Sykes submitted was the foreclosure deed, which describes the note holder, identified as Federal National Mortgage Association, as "an association duly established under the laws of the state of Delaware," rather than a federally-chartered entity that had elected to follow the corporate law of Delaware. But, as the district court noted, there was ample evidence in the record to show that the entity named in the deed was Fannie Mae, not FMNA, Inc., and that the description of Fannie Mae as a Delaware corporation was a mistake.

Moreover, to the extent Sykes's claim of misrepresentation is based on the foreclosure deed or other alleged irregularities or misstatements in documents relating to the foreclosure, he fails to present any basis for Rule 60(b)(3) relief because the alleged misrepresentations occurred in the course of the events giving rise to the lawsuit rather than in the course of litigation. See Roger Edwards, LLC v. Fiddes & Son Ltd., 427 F.3d 129, 134 (1st Cir. 2005) (noting that Rule 60(b)(3) is concerned with instances of "litigation-related fraud"). To the extent that Sykes seems to argue that Fannie Mae and others repeated the misrepresentation made in the foreclosure deed during the course of the litigation and concealed the true identity of the entity that purported to foreclose on his property, his allegations are wholly unsupported.

Accordingly, Sykes has failed to show that the district court abused its discretion in concluding that he failed to demonstrate that defendants made any material misrepresentation or engaged in any misconduct that interfered with his ability to prepare his case. The district court's order denying relief under Rule 60(b)(3) is affirmed, and all other pending motions are dismissed as moot.

By the Court:

Maria R. Hamilton, Clerk

cc:
Lewis B. Sykes Jr.
Todd D. White
Geoffrey Williams Millsom
Brenna Anatone Force
Phoebe N. Coddington

Connie Flores Jones
Michael John Tierney